CHARLES D. CATES V. L. C. SPARKMAN AND WISE COUNTY COAL
COMPANY ET AL.

No. 6149.

1.  **Corporation—Suit by Individual Stockholder.**—A stockholder in an incorporated company suing the corporation for damages for a depreciation of the value of the stock and of the corporate property, alleged to have been caused by the fraudulent acts of the officers, must show as a basis for such suit:

1.  That the corporation refused to sue, or facts showing a request to sue unnecessary.

2.  A breach of duty.

3.  An injury to the stockholder suing.

2.  **Breach of Duty by Officers of Corporation.**—The breach of duty authorizing suit by a stockholder for such damages does not refer to mere mismanagement or neglect of the officers or directors in the control of the corporate affairs, or in the abuse of discretion in the conduct of the business of the company. In such case courts do not interfere.

3.  **Same.**—Courts however will entertain complaints in cases of injurious acts *ultra vires*, fraudulent practices, abuse of power, and oppression on part of the company or its controlling agency clearly subversive of the rights of the minority where such minority would be otherwise without remedy.

4.  **Same.**—Mere irregularity, bad management, or want of good judgment in the affairs but in matters committed to the discretion of the officials are no basis for the interposition of control by the courts.

5.  **Injury to Stockholder.—Pleading.**—The requisite injury to the complaining stockholder must be set out with sufficient certainty of detail, as in other suits.

6.  **Equity.**—Complainant asking the rescission of conveyances of land made by him should restore or tender the consideration therefor received by him.

7.  **Profits as Damages.**—Mere speculations lost will not be computed in damages, but profits or advantages which are the direct and immediate fruits of the contract entered into between the parties, breach of which is alleged, may be computed and allowed for breach of a contract by defendant.

ERROR from Wise. Tried below before Hon. F. E. Piner.

This is a writ of error from a judgment sustaining a demurrer and exceptions to the petition brought by the plaintiff in error, a stockholder in the Wise County Coal Company, and against its officers and stockholders other than plaintiff for damages from the fraudulent mismanagement of the business of the corporation, resulting in loss and injury to plaintiff. The opinion sufficiently shows the petition and its defects.

*Crane & Trenchard,* for plaintiff in error.—A suit may be maintained in equity by a stockholder against the officers of a corporation where they have fraudulently misapplied corporate funds or property and the stockholder has suffered loss either by the depreciation of his stock or has suffered special damage in any other manner, and may bring suit in his own name where the corporation either actually or virtually refuses to prosecute; and in such case it is not only proper, but he is bound to join the corporation as defendant. 3 Pom. Eq., secs. 1094, 1095, note 1, p.

11; Macon v. Huff, 60 Ga., 221; Barnes v. Brown, 80 N. Y., 527; Greaves v. Gouge, 69 N. Y., 154, 157.

*Potter & Hughes,* for defendants in error. — 1.   The damages sued for by appellant are all too uncertain, speculative, and remote to be recovered in any case.   V. & M. R. R. Co. v. Ragsdale, 46 Miss., 458; 1 Suth. on Dam., 100–112, also 118, 119; W. T. R. R. Co. v. Shirley, 45 Texas, 372; 56 Texas, 141, 149; 51 Texas, 121; 14 Texas, 222; 9 Texas, 394; ·2 Wait's Act. and Def., p. 443; Wood's Mayne on Dam., 82, 83; 25 Am. Rep., 405; 45 Am. Rep., 124.

.  2.   In order to recover damages in any case the facts causing the damages must be pleaded, and it must appear therefrom that damages have accrued, and that they have been occasioned by some act or failure to act on part of the defendant.

3.   An individual stockholder can not recover against the directors of a corporation for wrongs done the corporate property.   Recovery, if any, can only be had by the corporation.   Evans v. Brandon, 53 Texas, 56, .and cases there cited.

Hobby, Judge.—Applying to the petition the most liberal and reasonable construction of which its language is susceptible, there are but two aspects in which the case made by it can be properly considered. Treating it first as a suit in equity by an individual stockholder of shares in an incorporated company against the latter to recover damages for the depreciation in the value of his stock and the corporate property, occasioned by the fraudulent practices and conduct of the officers and directors (and as such it is presented by the parties; the plaintiff contending that such a suit may be brought when said officers have "fraudulently conspired together to take advantage of plaintiff, or where they have fraudulently misapplied corporate property or funds, and the stockholder has suffered loss by depreciation in the value of his stock, or special damage when the corporation refuses to sue or the allegations are such as show a virtual refusal by the company to sue), the question then is, are the allegations sufficient to maintain this character of suit when tested by the rules condensed from a comparison of the authorities not altogether reconcilable in this class of cases.

It may be safely said that courts of equity as a general rule have not been disposed to exercise their jurisdiction through suits like the present to control or interfere in the management of the corporate or internal affairs of an incorporated company.   The company's business is left to the direction of the officers or managing board, which by the law creating it may be clothed with the power and discretion to conduct its affairs in the manner which in their judgment is best calculated to promote its interests.   To justify the interposition of the courts there must exist as a

foundation for such suit some action or threatened action of such board or officers which is beyond the power conferred by its charter, or such fraudulent transaction, completed or contemplated among themselves or with others, as will result in serious injury to the shareholder suing.

Where the directors or officers or some of them cause a loss of corporate property by negligence or culpable lack of prudence, or a failure to exercise these functions, or fraudulently misappropriate the corporate property in any manner, or obtain any undue advantage, benefit, or property for themselves by contract, purchase, sale, or other dealings under cover of their official functions, or in any manner commit a breach of their obligations, then the corporation is the party to bring the suit in equity. And whatever may be the nature of the wrong in cases of this character, whether intentional or fraudulent, or resulting from carelessness, negligence, or imprudence, and whatever may be the indirect loss occasioned to individual stockholders, no suit in equity against the wrongdoing directors or officers for relief can be maintained by an individual shareholder, suing representatively for all others similarly situated, unless the corporation either actually or virtually refuses to prosecute. Pom. on Eq., sec. 1094; Thomp. Liab. of Off. and Agts. Corp., p. 385; Evans v. Brandon, 53 Texas, 64.

The concurrence of three things are regarded as indispensable as the basis for such a suit.

The company must refuse to sue.

There must be a breach of duty.

There must be injury to the stockholder.    Thompson, *supra,* 385.

The rule referred to, that it must be shown that the corporation refuses to sue, does not obtain where the allegations of the bill show that such request would have been useless, or if they show such facts as are tantamount to a "virtual refusal" to sue; as where the fact of the complicity in the alleged fraud by the controlling officers of the company appears from the averments so that the application would be unavailing, it need not be formally alleged to have been made, or that the present board connived at and approved of the act complained of which the stockholder sought to impeach, it was held to be a sufficient excuse for not applying to the company.    Thompson, *supra,* p. 301.

This feature of the case before us, however, is comparatively free from difficulty and therefore unimportant, as the allegations show that the plaintiff and defendants comprise all of the officers, directors, and stockholders constituting the company, and that as they are charged with the commission of the acts complained of, a request to the company to sue would have been useless. But the more serious question arises whether the allegations show a concurrence of the other two conditions, namely, such breach of duty by the directors or officers of the company and such injury to the plaintiff's stock, essential to maintain the action.

The breach of duty authorizing a suit by an individual stockholder for damage in the depreciation of his stock does not refer to mere mismanagement or neglect of the officers or directors in the control of the corporate affairs or the abuse of discretion lodged in them in the conduct of the company's business.   On this ground the courts do not interfere.

The breach of duty or conduct of officers and directors which would authorize in a proper case the court's interference in suits of this character is that which is characterized by *ultra vires*, fraudulent and injurious practices, abuse of power, and oppression on the part of the company or its controlling agency clearly subversive of the rights of the minority or of a shareholder, and which without such interference would leave the latter remediless.   Thomp. on Liab. of Off. and Agts. Corp., 391; Pomeroy, *supra*, sec. 1096.   But if the acts or things are or may be that which the majority of the company have a right to do, or if they have been done irregularly, negligently, or imprudently, or are within the exercise of their discretion and judgment in the development or prosecution of the enterprise in which their interests are involved, these would not constitute such breach of duty, however unwise or inexpedient such acts might be, as would authorize the interference by the courts at the suit of a stockholder.

To allow suits of this character would be to permit every shareholder who might be dissatisfied with the progress of the work or enterprise in which the company was engaged, or the manner in which it might be conducted by the directors or board authorized to conduct it, to institute his suit upon the ground that the enterprise or work of the company was not being carried on or was being delayed or arrested in a manner not in his judgment conducive to the interests of stockholders.   In the present case it is alleged that after the defendants had expended about $15,000 in money, employed hands, and purchased machinery, and placed the plaintiff in charge of the mines as superintendent to develop the same, the work under the directors continued for about two months, when against his protest some of the hands were discharged; that the work was then continued for four months, and at the expiration of that time the development of the mines was arrested and the machinery sold to one of the company.

But it is not alleged that this was done in any manner other than that which the directors may have had a right to do or ought to have done to protect the stockholders from an unreasonable outlay.   It does not appear that there was any fraud, oppression, or abuse of power on their part in arresting the development of the coal mines, or that this work could have been accomplished by any reasonable expenditure, or even that it was practicable or feasible to continue the work.   It is not shown that the discretion lodged in the directors to prosecute the work was abused, or that if the mines had been developed there was any probability

that the profits which might have been derived therefrom would have compensated for the outlay. There is nothing in the petition which negatives the idea that bankruptcy and ruin may not have resulted to the stockholders from a prosecution of the work.

We conclude, therefore, that that character of fraudulent practices, oppressive conduct, abuse of power, or illegal exercise of discretion subversive of the plaintiff's rights are not shown on the part of the officers and directors of the company which are held to be necessary to maintain a suit of this kind.

"The injury to the stockholder," which as we have seen is an essential element in these cases, is not set forth with the certainty which the law requires in the most ordinary damage suits. The value of the plaintiff's stock is at no time clearly stated, nor what its value would have been if the undertaking had been successful. It does not appear that the land has been damaged. Its value before the incorporation of the company is not alleged. It is alleged, however, that plaintiff realized $10,600 upon one tract and $4375 upon another. Neither of these amounts are offered to be returned, though the prayer is for a cancellation of the conveyances. We do not think this prayer could be heard unless the plaintiff himself offers to do equity by a tender of these sums.

As the case is presented we are of opinion that the petition does not allege such facts as would authorize the suit by plaintiff as an individual stockholder against the company for damages in the depreciation of the value of his stock and injury to the corporate property. Evans v. Brandon, 53 Texas, 60.

Treating the case as one for damages for the breach of a contract by the defendants and for the recovery of prospective profits which might have been realized if the contract to develop the mines and construct the railroad had been carried out, it is only necessary to say that what his stock would have been worth and the probable enhanced value of the corporate property if the enterprise embarked in had been successful are elements of damage too remote to form the basis for a recovery even if they had been alleged with sufficient certainty.

The rule as to the measure of damages announced in Masterson v. Mayor of Brooklyn, 7 Hill, 61, and cited with approval in this State in Waco Tap Railroad v. Shirley, 45 Texas, 372, and Houston & Texas Central Railroad v. Hill, 63 Texas, 384, is "that any supposed successful operation the party might have made if he had not been prevented from realizing the proceeds of the contract at the time stipulated is a consideration not to be taken into estimate. Besides the uncertain and contingent issue of such an operation in itself considered, has no legal or necessary connection with the stipulations between the parties and can not therefore be presumed to have entered into their consideration at the time of contracting. It has accordingly been held that the loss of any

speculation or enterprise in which a party may have embarked, relying on the proceeds to be derived from the fulfillment of an existing contract, constitutes no part of the damages to be recovered; but profits or advantages which are the direct and immediate fruits of the contract entered into between the parties stand on a different footing."

The purpose of the law is to compensate the party for the injury done him. In the case before us the plaintiff is not shown to have been injured. At his own suggestion an enterprise was entered into between the parties to develop upon the land coal mines. He is shown to have realized about $15,000 in money from the defendants; that he incurred no expense or outlay himself. If he has been damaged it is not made apparent by the petition.

If the plaintiff should by proper averments state a case showing that upon a settlement of the affairs of the company and after the payment of its liabilities it is indebted to him for money or property advanced, he might be entitled to recover, but no such case is presented by the pleadings.

We think the judgment should be affirmed.

*Affirmed.*

Adopted April 30, 1889.