## CAFFALL v. BANDERA TELEPHONE CO. et al.

(Court of Civil Appeals of Texas. March 29, 1911.)

**1. CORPORATIONS (§ 204*)—ACTION BY STOCKHOLDER.**

Where one telephone company contracted to sell a part of its line, and the purchasing company contracted with a stockholder of the seller to exchange his shares for its own stock, the shareholder had no cause of action against the second company because his company wrongfully sold the line, where the second company in no way conspired with or aided the first.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 783–790; Dec. Dig. § 204.*]

**2. CORPORATIONS (§ 312*)—CONTRACTS—CONVERSION.**

Where the directors of a telephone company sold part of that company's line, it was not a conversion of the property of a shareholder in the company, and, unless the sale was fraudulent or ultra vires, shareholders must take the loss as a risk of business.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1376–1386, 1388–1392; Dec. Dig. § 312.*]

**3. CORPORATIONS (§ 206*)—STOCKHOLDERS—SUING ON BEHALF OF CORPORATION.**

Where the fraudulent ultra vires or negligent acts of the directors of a corporation depreciate the assets of the corporation, the corporation is the party entitled to sue, and, unless it fails to do so after being appealed to by an injured stockholder or the appeal of a minority stockholder would be useless, a stockholder may not maintain an action.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 791–796; Dec. Dig. 206.*]

**4. CORPORATIONS (§ 320*)—DAMAGE—CAUSE.**

A conspiracy among the officers of a corporation to defraud a stockholder affords no cause of action unless it is effective.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 320.*]

**5. CORPORATIONS (§ 423*)—OFFICERS—ACTS OF OFFICERS—BINDING EFFECT.**

A corporation is liable for wrongs committed by its officers only when they are done within the scope, or apparent scope, of the officers' authority; and hence a corporation is not liable for damages caused by a conspiracy among its officers to defraud another, which was not in the due course of business.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1692–1695; Dec. Dig. § 423.*]

**6. FRAUD (§ 25*)—RIGHTS OF ACTION—INJURY.**

Though a person has a right of action to recover for damages caused by a reliance upon fraudulent representations, and all of the persons making such fraudulent representations are liable, no such right exists unless a person has been injured.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 24; Dec. Dig. § 25.*]

**7. APPEAL AND ERROR (§ 736*)—ASSIGNMENT OF ERROR.**

An assignment of error complaining of the court's ruling on several distinct special exceptions will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3028, 3029; Dec. Dig. § 736.*]

**8. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—PROPOSITION OF LAW.**

Where the propositions of law under an assignment of error are not germane to it, the assignment itself will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**9. DAMAGES (§ 149½*)—PLEADING—MATTERS OF AGGRAVATION.**

Where a petition shows no ground for actual damages, an exception is properly sustained to matters of aggravation alleged as a predicate for exemplary damages.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 149½.*]

**10. ACTION (§ 47*) — JOINDER — ACTIONS EX CONTRACTU AND EX DELICTO.**

An action ex contractu cannot be joined with an action ex delicto, unless the latter grows out of or arises from the former.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 469–489; Dec. Dig. § 47.*]

Appeal from District Court, Bandera County; R. H. Burney, Judge.

Action by F. R. Caffall against the Bandera Telephone Company and others. From a judgment for defendants, plaintiff appeals. Affirmed.

F. R. Caffall sued the Bandera Telephone Company (hereinafter called the Bandera Company), a domestic corporation, and J. F. Haby, R. L. Blackburn, J. I. Adams, and the San Antonio Northwestern Telephone Company, hereafter called the San Antonio Company, another domestic corporation, alleging in his first amended original petition, as his cause of action, substantially: That on December 3, 1909, he was the owner of 24 shares of the capital stock of the Bandera Company of the face and par value of $50 each which was fully paid up and nonassessable and transferable only on the books of the corporation by the owner. That, in addition to said stock, he owned just and admitted claims of debt, evidenced note, and account against said company for the sum of $200 and of that value. That on said date the San Antonio Company owned and operated a telephone line in Kendall county and elsewhere, and the Bandera Company owned and operated a telephone line in Bandera and other counties. That it was the desire and purpose of the Bandera Company to sell certain portions of its line and property to the San Antonio Company, which desired to purchase the same. That plaintiff and both of said companies desired to have the interest and holdings of plaintiff in the Bandera Company transferred to the San Antonio Company, and it was contemplated and agreed that for a certain consideration paid and to be paid the two divisions of the property of the Bandera Company were to be purchased by and transferred to the San Antonio Company, and that it was to issue and deliver to plaintiff $1,400 worth of shares of paid-up stock therein in lieu of his interest and holdings in the Bandera Company, which was a part of the consideration to be paid, and was to be accepted by the Bandera Company as part of the cash payment therefor, and, when done, plaintiff was to surrender his stock and claims against said company, but that it was understood and expressly agreed that plaintiff's rights and interest were to be in such manner transferred from one company to the other only in the event of the payment of the consideration thus agreed upon, and not to be transferred unless he received stock of that value. Attached to the petition, and made a part thereof as Exhibits A and B, are copies of the two contracts above referred to.

It then alleges:

That plaintiff is unable to tell why said contracts were written as separate instruments, but that they are and constitute only one contract, though only one is signed by him and one by the Bandera Company, yet each and all parties to either was a party to both and entitled to all the rights and privileges thereof as though the instruments constituted one contract between them.

That as a condition precedent to said transfer and contract it was distinctly understood and agreed by all parties thereto that plaintiff was to receive property of the value of $1,400 in paid-up stock of the San Antonio Company, and that such property was to be transferred to and become the property of said company. That said contract was not binding upon plaintiff nor enforceable against him by either of the other parties, unless he accepted the stock to be tendered him, if any was tendered, and gave him the privilege and option of making such exchange, and, unless he did so, his rights were in no manner to be affected or impaired thereby, nor was said deal to be consummated or said property to be transferred, and that all the

defendants had full notice and knowledge of such facts and conditions.

That before the time of closing said contract and making such transfer and exchange, to wit, December 31, 1909, R. L. Blackburn, in a pretended compliance with said contract, made a pretended tender to plaintiff of 28 shares of stock in the San Antonio Company of the face value of $50 per share, aggregating $1,400, but that the stock so tendered did not exceed in real value the sum of $500, and was not a compliance with said contract, and plaintiff was not bound to receive the same and refused to do so.

That in addition to the facts alleged, which were all understood and agreed to by the parties, Blackburn made statements and representations to plaintiff that the San Antonio Company was then a solvent and going concern, having assets and property of the value of $15,000, that it was out of debt and paying annual dividends of 12 per cent. on its stock, which representations were ruled upon by plaintiff and he was induced thereby to enter into said contract.

That plaintiff had in the meantime ascertained that the San Antonio Company was then and is now insolvent, and that its stock was not worth exceeding 50 cents on the dollar, and in reality is worth only 30 cents on the dollar, and that tendered him was not worth at the time of the tender exceeding $500. That said company was then embarrassed in not being able to meet matured and maturing financial obligations.

That the representations and statements of Blackburn as to the financial condition of the company and value of its stock was false and fraudulent, and of such open, notorious, and willful character as to render such contract of sale unenforceable, even if it had otherwise been capable of enforcement; but that plaintiff in no way either avers or admits that the same was enforceable as against him unless he elected to accept said stock, which he did not do, wherefore such transfer could not legally be made, and defendants were without right to consummate the contract or transfer said property.

That each of defendants was fully and promptly informed and notified by plaintiff, and had full knowledge of each and all of said facts, and knew that plaintiff had refused to accept the tender of said stock, and his reason for such refusal.

That the San Antonio Company at all times alleged has been influenced, dominated, and controlled by R. L. Blackburn, who has all the time had full and complete management thereof, and the company has in all things adopted and ratified his acts, statements, and representations. That J. F. Haby is and was a stockholder in the Bandera Company, and has at all times influenced, dominated, and controlled its board of directors, and each and all of his acts and statements, as well as his conduct, alleged in the petition have

been known to and adopted by and in all things ratified as the acts of said company.

That at the time Blackburn made the pretended tender of said stock the same was not in his possession, nor was it in his power to make a tender thereof, and that no legal tender of the same has in fact been made, Blackburn and Adams having formed a conspiracy, and were in the act of carrying it out to defraud the two companies and plaintiff out of said stock and property to appropriate the same to their use and benefit and Haby's, and that it was not within their power to make a legal tender and delivery of said stock.

That on the day previous thereto, to wit, December 30, 1909, Haby in behalf of the Bandera Company, as well as for himself, and Blackburn and Adams for themselves and the San Antonio Company, with full knowledge of its insolvency, for the purpose of transferring and concealing its property in fraud of creditors, made and delivered a pretended transfer or bill of sale of said two divisions of property from the Bandera Company to Blackburn and Adams individually. That the two divisions of property were transferred for the following consideration: $2,485 cash paid January 15, 1910; 28 shares of stock in the San Antonio Company issued in name of J. F. Haby on December 30, 1909, of the face value of $1,400, the actual value not exceeding $500; one note of that date signed by said company for $2,500, due in two years, unsecured and not worth more than $800; one personal note of R. L. Blackburn to J. F. Haby, unsecured and worthless, for the sum of $585; phone rents collected in advance and returned on the property transferred of the value of $415; the further sum paid C. E. Sommers as a commission on said deal in stock issued by the San Antonio Company of the face value of $100, but really not exceeding in value $40; also cash paid said Sommers as a balance due him for commissions $15, and paid by the Bandera Company—making a total consideration of $7,500, which was the minimum cash value of the property at the time.

That on the day said stock was tendered to plaintiff by Blackburn and Adams they executed a deed of trust upon said property transferred to them to R. W. Taylor, trustee for the Boerne State Bank, to secure a note of said Blackburn and Adams, dated December 30, 1909, in favor of said bank for the sum of $2,650 due June 30, 1910, with interest at 10 per cent., which deed of trust was filed for record in Bandera county on January 17, 1910.

That at the time and since then plaintiff has had no other property or assets, except as alleged in his petition, and was and is financially unable to employ counsel to protect his rights and property, which defendants well knew, and that in furtherance of said conspiracy of Haby, Blackburn, and Adams to obtain the property and usurp the

rights of plaintiff, as well as the corporation, especially of the San Antonio Company, which they knew was insolvent, and for the further purpose of forcing plaintiff and compelling him to accept the stock tendered him and which he refused, and for the further purpose of vexing, harassing, intimidating, oppressing, and injuring him and destroying his property rights and values and bankrupting him, said defendants further conspired to levy an assessment upon the stock of the Bandera Company so as to tax plaintiff's stock to such an extent it could not be paid by him, and in that manner compel him to accept the worthless stock so tendered, and, in furtherance of said conspiracy, suggested and arranged to procure an order from the board of directors of the Bandera Company, which was entered upon its minutes by which an assessment of $10 per share upon plaintiff's shares was made, making an assessment on his 24 shares of $240, and caused plaintiff to be notified of the assessment, and that if he failed to pay the first quarterly installment of $60 thereon by March 31, 1910, his entire stock would be forfeited and canceled. That said stock was nonassessable and the assessment thereon void, and the Bandera Company knew the object and purpose thereof. That while said assessment has never been paid by any other stockholder, nor intended to be paid by or collected from them, it was intended and contemplated to use it as a means of canceling plaintiff's stock and of forcing him to accept the worthless stock tendered him. That defendants are still threatening to carry it out and cancel plaintiff's stock if he does not pay said assessments as they mature. That all the acts done in making the pretended sale and transfer of the property by Haby to Blackburn and Adams were in fraud of plaintiff's rights, were known, acquiesced in, and ratified by the Bandera Company, which had full notice and information of the same as charged, and notwithstanding the order levying an assessment on stock, as aforesaid, was passed and placed upon its minutes and said order was absolutely void, the same has never been revoked or set aside, defendants are threatening to, and will unless restrained, proceed to carry the same into effect.

That the Bandera Company had full notice that said two divisions of its property were transferred in fraud, as alleged in plaintiff's petition, and that the consideration received therefor was wholly insufficient and not more than half its value because of the worthlessness of the security taken in addition to the payment therefor. That, by reason of said acts, plaintiff's interest and claim in said property have been reduced and depreciated to the extent and value of $800. That said company being influenced and dominated by said defendants, especially by the defendant Haby as alleged, renders it impossible for plaintiff to obtain any protection of his rights from said company or to recover his damages or protect his stock and holdings against said unlawful acts, which are all without authority of the charter or by-laws of the company and beyond the power and scope of authority of the officers and managers of said company, and constitute a breach of their duty as officers, and are therefore illegal and void. That it would be useless for plaintiff to make application to the directors thereof for protection, and that he has suffered great damage by reason of the acts, wrongs, and injury complained of.

That plaintiff has been requested and demanded by defendants to surrender his property of the value of $1,400 and accept said worthless stock, and that the defendant Haby claims to be holding said stock for the purpose of compelling plaintiff to accept the same, so that he would be forced to give up $1,400, the value of his holdings, and thereby would be damaged in such sum, and that, having failed and refused to accede to such demand, the defendants have conspired and confederated together to force him to do so against his will.

That the value of the property to be transferred to the San Antonio Company, and which was transferred to said Blackburn and Adams, as stated, was of the value of $7,500, and that said company has been denied the right to said property which was conveyed to said Blackburn and Adams individually. That the San Antonio Company has issued the $1,400 face value stock now held by Haby individually and $100 in stock issued to C. E. Sommers, and has executed said note for $2,500 payable to the Bandera Company. That the cash payment of $2,485 was procured by and on the strength of said deed of trust given by said Blackburn and Adams as shown, and that the total consideration paid and to be paid, the sum of $6,485, has been paid by the San Antonio Company, while $430 was paid by the Bandera Company, and that Blackburn's only payment is the note for $585 as alleged. That Blackburn and Adams have received $165, the difference between the bank note given and the cash payment made, and also the further sum of $415, as phone rents allowed and deducted, as shown, and in addition thereto have received the rents, uses, and revenue of said property since December 31, 1909, which are of the reasonable value of $100 per month over and above all running expenses.

That the San Antonio Company is heavily involved and hopelessly insolvent. That it has matured obligations in large amounts, suits are pending and threatened against it for debt, and large unpaid judgments subsist against it. That the contract of sale alleged and set out in the petition as well as the pretended sale and transfer of said property are so openly, notoriously sly, and palpably fraudulent against plaintiff, both as a creditor and stockholder, as well as against the stockholders generally of the Bandera Company as to be absolutely void and unenforce-

able, and they should and can be in all things canceled, set aside, and held for naught, and said property should be returned and reinstated as originally existing and all parties should and can be placed in statu quo, and that plaintiff as a creditor and injured stockholder for himself and in trust for other stockholders should be granted a proper judgment for his own debt and damages as well as for the protection of other stockholders of said company, and said two companies, especially the Bandera Company should be placed in the hands of a receiver, to the end that its affairs may be honestly administered, to prevent the threatened further dissipation and squandering of its funds and property, to the loss and damage and irreparable injury of and to its creditors and stockholders, and for which plaintiff sues.

That the Bandera Company has never paid plaintiff the sum of $200 as it agreed, and is bound to do, though long since due and often demanded, for which plaintiff here sues together with 10 per cent. interest thereon from January 1, 1910, as said sum was largely, if not altogether, represented by notes bearing interest at that rate; that the acts and conduct of the defendants Blackburn and Haby were not only harsh, cruel, oppressive, and outrageous, but reprehensible, willful, and malicious, and show such an utter disregard of the rights of plaintiff as to authorize, justify, and require imposing against each and all of them exemplary damages in the sum of $1,000, for which plaintiff sues. The petition contains a like complaint against the Bandera Company for vindictive damages.

That the fraud and deceit of Blackburn alleged were known to, ratified and participated in by all the defendants, and that each and every one of them are liable jointly and severally to plaintiff for the wrongs and injuries thereby inflicted and imposed upon him in the amount of damages alleged.

That the acts and conduct of defendants alleged show the handling and appropriation of plaintiff's property in such manner as to amount to a conversion of the same. That such acts show an assumption and exercise of dominion and control of plaintiff's rights and property against his will and without his consent and to his exclusion, for which each and all defendants are liable in the sum of $1,400, together with interest, costs, and exemplary damages, as alleged.

That by reason of the foregoing acts, all of which were unlawful, wrongful, willful, malicious, and oppressive, to none of which plaintiff agreed or consented, but protested against them, and in which defendants Haby, Adams, and the Bandera Company participated, that plaintiff's stock in the Bandera Company has been reduced and depreciated 50 cents on the dollar, making its value only $600, and in addition, said company is still indebted to plaintiff in said sum of $200 as his liquidated and admitted money demand, with interest from January 1, 1910, for all of which plaintiff sues.

After these allegations the petition closes with this prayer:

"Wherefore plaintiff prays for his damages for the conversion of his property in the sum and value of $1,400 besides exemplary damages and costs and the relief to which he may be entitled in law or in equity, generally and specially, and as heretofore prayed in his original petition. If for any cause said prayer is unavailing, then he prays in the alternative as follows:

"(1) That said contracts, as well as said pretended sale, and said pretended transfer of said property, be in all things canceled, set aside, and held for naught, and that all property and property rights be returned to and reinstated as they existed on December 3, 1909, and that all parties be placed in statu quo, and also for his damages both actual and exemplary as herein shown as well as for his debt, and that plaintiff be permitted to recover in trust all damages sustained by said acts and injury to the other stockholders by reason of the alleged illegal, oppressive, and wrongful acts. And in this connection plaintiff alleges that the facts show such utter incompetent and unqualified officers of said telephone company to manage and honestly conduct their own business affairs, and, both being in fact insolvent, plaintiff asks for the appointment of a receiver under such terms and conditions as the court may in its judgment authorize and require, and for all proper relief.

"(2) Plaintiff also prays in the alternative for an injunction restraining each and all the defendants and especially the Bandera Telephone Company in any other or further acts of handling or using the rights and property of the plaintiff, or of imposing or trying to impose, assess, levy, or collect any sum, tax, or tribute on his stock of property, or from in any manner carrying out or attempting to carry out said forfeiture of plaintiff's stock by reason of his failure and refusal to pay said assessment, and he also prays that said orders each and all be cancelled. And he further shows that if for any reason this relief cannot be granted, and is not granted speedily, great and irreparable injury will be inflicted upon him as well as others who will be without any legal or adequate remedy, especially if this relief for any reason is postponed or delayed, because of the insolvency of the defendant telephone companies, making it more than probable that both companies will go into bankruptcy, and the further probability that defendants will further and speedily dissipate and squander and appropriate to themselves the balance of the corpus or property of said company if given time, in the same manner as herein already shown.

"For all of which relief the plaintiff shall, as in duty bound, ever pray."

We will here say that Exhibit A referred

to in the petition is a contract of sale between the Bandera and San Antonio Companies by which the latter company agrees to convey the former for a consideration stipulated two divisions of its telephone line and property attached thereto, and that Exhibit B is an agreement between plaintiff and the San Antonio Company by which the former, for a designated consideration, agrees to convey said company his stock in and claims against the Bandera Company. The several defendants answered by general and special exceptions. The general demurrers of the San Antonio Company, R. I. Blackburn, J. I. Adams, and J. F. Haby upon being presented to and considered by the court were sustained. Such demurrer of the Bandera Company was overruled, but certain of its special exceptions, Nos. 4, 5, 6, 7, 10, 11, 12, 13, 14, 15, and 17, were sustained.

The rulings of the court on the demurrer practically disposed of the case with the exception of plaintiff's right to an injunction to restrain the levy and collection of an assessment on his stock in the Bandera Company and cancellation of such stock for his failure to pay such assessment; and, the plaintiff having declined further to proceed with the trial of the cause on that part of his petition alleging his grounds for such injunction, and having declined further to amend, final judgment was entered dismissing his case and assessing the costs against him, from which judgment he has appealed.

Ben H. Kelly, Jno. R. Storms, and W. S. Ethridge, for appellant. De Montel & Fly, for appellees.

NEILL, J. (after stating the facts as above). The first assignment of error complains of the court's sustaining the general demurrer of the San Antonio Company and the individual defendants to plaintiff's petition.

The propositions asserted under the assignment are:

"(1) The San Antonio Northwestern Telephone Company, being a party to a contract involved in this suit, is a necessary and proper party defendant for the purpose of being bound by the decree of the court, and that it is true even if it is not liable for any wrongful acts or deceit of its president and general manager, and the damages arising by reason thereof.

"(2) Where a person assumes or exercises control and dominion over the property of another person against his will and to his exclusion, he is liable for its value at the time and place of so doing; in other words, the same constitutes a conversion for which all persons so acting and participating are liable to the owner for its market value at the time and place of the conversion.

"(3) Conspiracy between officers of corporation to defraud binds the corporation as well as the officers individually for actual and exemplary damages.

"(4) A person may recover damages resulting from deceit, fraudulent representations, and false statements, if relied upon by him in good faith, and all persons or corporations making or practicing fraudulent conduct and sharing profits or participating therein are liable, and that, too, whether originally guilty thereof or subsequently joining therein."

Before considering these propositions seriatim, we must confess we have found some difficulty in determining from his petition exactly what legal or equitable rights plaintiff expects to obtain or enforce by this action. Nor can we now, after reading and considering the pleading as best we can in the light of such knowledge as we possess of law and equity, console our minds with the unction that we have overcome the difficulty so as to make clear to other minds what was so obscure to ours. But we shall not attempt to epitomize the petition, though we may observe that it might have, had the rules of good pleading been heeded, been more brief, and then brevity would have been the best part of it, for it would have been self-evident that, though plaintiff wanted much, he was entitled to nothing.

[1] (1) It is not made in the least to appear from the petition that the San Antonio Company has withheld from or infringed upon any right of the plaintiff or has conspired with or aided any of its codefendants in so doing. On the contrary, it has only performed a contract that it made with the Bandera Company, and endeavored to perform its part of one it made as an incident to the first, with the plaintiff, of which he has wholly failed and refuses to carry out his part. It may be that the San Antonio Company had a right of action against plaintiff to compel him to perform his part of such contract, which it could have set up by a cross-bill, and for that reason may be regarded as a proper party to the suit, but this would furnish plaintiff no ground of complaint on account of the court's sustaining its general demurrer to his petition which did not disclose a semblance of a cause of action as against such company.

[2] (2) The second proposition is a mere abstraction foreign to any issue in this case. That no dominion, control, or appropriation of any property has been assumed by any of defendants is apparent from plaintiff's own showing. His allegation that it has been is a mere conclusion of the pleader, which does not follow from, but is contradicted by, the facts alleged. All he had was his shares of stock in and his debt against the Bandera Company. If the value of the stock has been impaired, so has the stock of all other stockholders, as an incident to the management of its affairs by its board of directors. [3] Unless its deterioration was caused by fraudulent, ultra vires acts, or negligent acts of the directors, plaintiff cannot complain, but must shoulder the loss

as though it occurred in any other enterprise. If it was brought about by the directors in any of these ways, the corporation was the party to sue, and, unless it fails to do so after being appealed to by an injured stockholder, he has no right to bring suit for the corporation for such a wrong without it is apparent such an application would be ignored and hence unavailing. In this case it is not made to appear that the directors have been guilty of any act or negligence which tended to diminish the value of the company's stock, nor are they sued in their capacity as directors, nor that the company has been applied to by plaintiff to institute suit against them on account of their mismanagement of its affairs. New Birmingham Iron & L. Co. v. Blevins, 12 Tex. Civ. App. 412, 34 S. W. 828; Cates v. Sparkman, 73 Tex. 621, 11 S. W. 846, 15 Am. St. Rep. 806; Evans v. Brandon, 53 Tex. 56. For a case where the facts show that it would be idle for a minority stockholder complaining of the wrongful acts of the officers of a corporation to expect to obtain any relief, from the officers, and where he need not, before bringing suit on behalf of the corporation, appeal to its officers for redress, see Falfurias Immigration Co. v. Spielhagen, 129 S. W. 164. But the facts alleged in plaintiff's petition present no such case.

[4] (3) A mere conspiracy between officers to defraud, unless effective, affords no one a cause of action. [5] If effective, it is only the one injured in consequence who can predicate an action upon it. The injury resulting from such a conspiracy may be to the corporation itself, as well as to others. If, then, as enunciated by the proposition, a corporation be bound by a conspiracy of its officers which results in its injury, who can deliver it from this bond of iniquity? No one can, but it must stand like a lamb dumb before its shearers. Only such wrongs as are done by the officers of a corporation in furtherance of its business affairs which are within the scope, or apparent scope, of its corporate powers can bind it to its detriment. And then its liability for such wrongful acts of its officers arises from the principles of agency. But in this case no conspiracy of the officers of defendant corporations is alleged which resulted in an injury to the plaintiff for which either company can be held liable either for actual or exemplary damages. From his own allegations it seems to us that the plaintiff shows himself to blame rather than either of the corporations or any of its officers; for they carried out their contract, while he failed and refuses to perform his, which he declares to be a part of it. If the action were against him for damages, the burden of justifying its breach would rest upon him.

[6] (4) This, as a general proposition, is

correct; but there is an absence in plaintiff's petition of such averments as are essential to its applicability to this case. As has been remarked in considering the other propositions, it does not appear from plaintiff's petition that he has suffered any injury by wrongs done him by either of the corporations or any officer or individual connected with or acting in its behalf.

[7] The second assignment of error complains of the court's sustaining the fourth, fifth, sixth, tenth, fourteenth, fifteenth, and seventeenth special exceptions of the defendant Bandera Company to plaintiff's first amended original petition. This is too general to require consideration. Scott v. De Witt, 93 S. W. 216; City of San Antonio v. Alamo Nat. Bank, 114 S. W. 909, and authorities cited.

[8] The first proposition under the third assignment is not germane to and cannot be evolved from it; and, if the assignment can of and in itself be considered as a proposition, it has been anticipated and disposed of in what we have said in considering the propositions under the first.

[9] As nothing was alleged in plaintiff's petition tending to show that he was entitled to recover either actual or exemplary damages, the court did not err in sustaining the seventh special exception to plaintiff's petition. We therefore overrule appellant's fourth assignment, which complains that the trial court erred in sustaining the seventh special exception of the Bandera Company to his petition for the reason that the part thereby excepted to went to the motive and intent of the parties, and was alleged by way of inducement and aggravation, which was proper as a predicate for exemplary damages.

[10] There was no error in the court's sustaining the eleventh special exception of the Bandera Company to plaintiff's petition, for an action ex contractu cannot be joined with an action ex delicto, unless the latter grows out of or arises from the former. Frey v. Ft. Worth & R. G. Ry. Co., 86 Tex. 465, 25 S. W. 609. We therefore overrule the fifth assignment of error.

What we have said in disposing of the preceding assignments disposes of the remaining ones adversely to appellant and relieves us from giving them specific consideration.

There is no error in the judgment, and it is affirmed.