COCHRAN et al. v. HILL et al. (No. 10401.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 3, 1923.)

1. Corporations ⬳34(5)—Objection that corporation was defunct held not available to plaintiff suing it as a corporation, alleging its due incorporation, etc.

It was not error in trespass to try title to render judgment for defendant cemetery association as against the objection that it was defunct where plaintiff sued it as a corporation, alleging it was duly incorporated, and defendant pleaded such incorporation, and introduced in evidence its charter, issued in 1878, which provided for a corporate existence of 99 years, and no proceeding for dissolution having been had under Rev. St. 1911, art. 1205; the provision of that article that the charter of a corporation not commencing active operation within three years shall be forfeited not being self-acting.

2. Corporations ⬳29(1)—Validity of corporation and its existence as going concern may be questioned only by state in direct proceeding.

The validity of a corporation and its existence as a going concern can be attacked only by the state in a direct proceeding.

3. Corporations ⬳206(1)—Stockholders may sue to prevent waste in absence of officers.

Stockholders may intervene in a court either in their own name or in that of the corporation to prevent a waste of the property where there are no regular officers or directors or they refuse to sue.

4. Cemeteries ⬳20—Equity will restrain interference with graves at suit of proprietor of lot owners.

A court of equity will enjoin interference with graves on land dedicated to the public for burial at the suit of the proprietor of a cemetery or of any party having deceased relatives or friends buried therein.

5. Cemeteries ⬳20—Relatives of original incorporators of cemetery association held entitled to intervene in trespass to try title.

The widow of an original incorporator of defendant cemetery association and a daughter and heir of another incorporator, and relatives and heirs of original incorporators, many of whom had loved ones buried in the cemetery,

could intervene in trespass to try title to enjoin plaintiff from pasturing the land with stock, and from renting it for oil and gas purposes.

**6. Cemeteries ⊂⇒20—Court may restrain interference with cemetery irrespective of number of graves.**

Power of a court of equity to prevent the desecration of graves by the pasturing of stock on land belonging to a cemetery association and by renting such land for oil and gas purposes *held* to extend to the protection of the entire lot owned by the association, irrespective whether there were any graves in any certain part of it.

**7. Adverse possession ⊂⇒22—Pasturing cattle in cemetery held not adverse possession.**

The fact that plaintiff and those under whom he claimed had pastured cattle in parts of a cemetery *held* not to constitute such an adverse and hostile use of the premises as would entitle plaintiff to a judgment.

**8. Covenants ⊂⇒100(1)—Grantors of cemetery land held liable to grantee on warranty in deed.**

Plaintiff claiming ownership of land in a cemetery under a deed from the heirs of an original incorporator, having been enjoined from pasturing such land and from leasing it for oil and gas purposes, is entitled to judgment against the heirs on their warranty for the amount paid by plaintiff for the land.

Appeal from District Court, Young County; H. R. Wilson, Judge.

Suit by J. H. Cochran and others against Benjamin Hill and others. Judgment for plaintiffs was set aside, and they appeal. Affirmed as modified.

Fred T. Arnold and Marshall & King, all of Graham, for appellants.

Stine & Stine, of Henrietta, for appellees.

BUCK, J. J. H. Cochran filed suit in form of trespass to try title against Benjamin Hill, Sr., and some 40 others, and their unknown heirs, and against "the Graham Cemetery Association and the unknown heirs and successors of the members composing said association, whose residences are unknown to plaintiff." The land involved was described by metes and bounds, and alleged to consist of 23.8 acres. It seems some sort of judgment was obtained by Cochran on service by publication. Later a bill of review and motion to set aside the judgment was filed in the name of the Graham Cemetery Association. In this motion it was alleged that the Cemetery Association had received a deed from the owner of the fee of the land, G. A. Graham, on January 22, 1879, and used and occupied said land as a cemetery since said date, and had cut up the land into burial lots; that the dead had been buried there; that there were at least 75 graves on said land at the time of the filing of the answer. There was attached to this motion a purported copy of the charter issued the Graham Cemetery Association December 7, 1878. The charter provided that the corporation should exist for 99 years.

Plaintiff filed a motion to require the attorneys who had filed the bill of review and motion for new trial for the Cemetery Association to disclose by whom they were employed, i. e., give the actual names of those employing them. This was done, and the attorneys averred that they had been employed by "the Graham Cemetery Association, a corporation duly incorporated under the laws of the state of Texas, in December, 1878, by its legally authorized officers and directors," and expressly employed by two certain ladies, one the widow of an original incorporator, the other the daughter and heir of another, and that they represented a great number of persons who owned lots in the cemetery, and had loved ones buried there. The court found that the attorneys were duly authorized to prosecute the defense, and further granted the motion for new trial and bill of review.

In the trial plaintiff relied, in part, at least, on a deed to him made by the heirs of G. A. Graham, deceased, and dated May 16, 1917. The cause being tried before the court without a jury, a judgment was rendered for the defendant, the Graham Cemetery Association, and the heirs and successors of the members composing said association, naming certain ones, and in favor of others similarly situated, for the land in controversy, and divesting the title thereof out of J. H. Cochran, plaintiff, and vesting title in the defendants. Judgment was also rendered in favor of plaintiff and against Edmonia Graham, Carrie G. Stewart, Belle G. Martyn, Sue May Graham, Ina G. Nelson, John R. Nelson, Harry B. Graham, Frank E. Graham, and Robert W. Graham for $400 together with 6 per cent. interest thereon from the 16th day of May, 1917, with a credit of $20 per acre for the number of acres disclaimed by plaintiff during this trial. The plaintiff and his agents and employés were enjoined from pasturing the land in controversy with stock and from renting the same for oil and gas purposes or from drilling oil wells thereon and from desecrating the graves on said land and from interfering with the defendants going in or upon said land at any and all reasonable times. From this judgment the plaintiff and heirs of G. A. Graham mentioned in the pleadings have appealed.

[1, 2] Error is assigned to the action of the court in setting aside the judgment theretofore rendered against the defendant the Graham Cemetery Association, and in rendering judgment for plaintiff, on the ground that said association was in fact a defunct association, and no one was authorized and empowered to represent it or institute a suit in its behalf.

Plaintiff sued the Cemetery Association as

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
255 S.W.—49

a corporation, alleging that it was duly incorporated. The defendant pleaded that it was duly incorporated, and introduced its charter, issued in 1878, providing that the corporation should exist for 99 years unless sooner dissolved. There is no pretense that the charter had been forfeited or dissolved. Article 1205, Rev. Statutes, provides how a corporation may be dissolved, by the expiration of the time limit in its charter, by a judgment of dissolution rendered by a court of competent jurisdiction, by a vote of four-fifths of the stockholders, etc. In Reed v. Sampson, 54 Tex. Civ. App. 552, 118 S. W. 749, writ of error denied, it was held that the provision in the statute providing that, where a corporation did not commence active operations within three years after filing its charter, its charter should thereby be forfeited, was not self-acting, and that the corporation was not dissolved until so adjudged by a court of competent jurisdiction. The validity of a corporation and its existence as a going concern can be attacked only by the state in a direct proceeding. 14a Corpus Juris, p. 1081 et seq.

[3-5] There is another well-established rule of law that stockholders in a corporation may intervene in the courts, either in their own name or in the name of the corporation, to prevent a waste of the property, etc., where it is shown that there are no regular officers or directors, or that they refuse to sue. Cates v. Sparkman, 73 Tex. 619, 11 S. W. 846, 15 Am. St. Rep. 806; Canadian Country Club v. Johnson (Tex. Civ. App.) 176 S. W. 835, and cases there cited.

The evidence showed that the attorneys purporting to represent the corporation were employed by the widow of one of the original incorporators and by the daughter and heir of another, and also represented by other relatives, children and heirs of the original incorporators, many of whom had loved ones buried in the cemetery. As said in 11 Corpus Juris, p. 65, § 37:

"A court of equity will enjoin interference with graves on land dedicated to the public for burial purposes at the suit of the proprietor of a cemetery, or any party having deceased relatives or friends buried therein."

In 5 R. C. L. p. 248, § 13, it is said:

"It is also well settled that a court of equity will enjoin the owner of land from defacing or meddling with graves or land dedicated to the public for burial purposes, at the suit of any party having deceased relatives or friends buried therein."

[6] We believe this equity power extends to the protection of the entire lot owned by the Cemetery Association, irrespective of whether there are any graves in any certain part of it or not. Those who have loved ones buried there are entitled to have the hallowed spots protected from the heedless search for hidden wealth and from the rapacious hands who would convert its sacred confines into a place of money getting.

[7] We do not believe that the plaintiff showed a right to recover any of the land described in the deed to the defendant Graham Cemetery Association made by G. A. Graham. The fact that he and those from whom he claimed title, to wit, the heirs of G. A. Graham, had pastured cattle in parts of the cemetery, does not seem to us to constitute such an adverse and hostile use of the premises as would entitle him to a judgment on limitation.

[8] We think under the facts in this case the court entered a proper judgment. We think judgment should have been entered for the defendant Graham Cemetery Association for the 23.8 acres involved, as against plaintiff and as against the defendant the heirs of G. A. Graham, and that judgment should have been entered for plaintiff as against the heirs of G. A. Graham on their warranty for the amount paid by him for the purchase of the land in 1917. We believe the judgment rendered as a whole disposes of the issues to this effect, but, inasmuch as there is some apparent surplusage in the form of the judgment rendered, we have rewritten the judgment below so as to truly recite such judgment. As so written, the judgment will be affirmed, with costs of this appeal taxed against appellants.