## WHITE v. WILLIAMS et al.
### No. 4372.

Court of Civil Appeals of Texas. Texarkana.
Feb. 3, 1933.

Rehearing Denied Feb. 9, 1933.

Bramlette & Meredith, of Longview, for appellant.

Young & Wynne, of Henderson, for appellees.

SELLERS, Justice.

About forty years ago James McCutcheon was the owner of 220 acres of land located in Gregg county upon which he resided with his family. About this time James McCutcheon set apart a portion of ground on this farm as a family graveyard. At least the evidence does not show that any one but relatives and descendants of James McCutcheon was ever buried there. There are now about twenty graves in this cemetery. The evidence is not clear when the first fence was placed around this graveyard nor as to who put it there, but it does show that two grandsons of James McCutcheon have rebuilt the fence twice and they are now more than 50 years of age and they do not undertake to say when the first fence was built. These grandsons testify that they had no other intention in fencing the graveyard but to rebuild the old fence, although they may have taken in a few feet more land on one corner in order to get a good place to tie the wire. James McCutcheon died still possessed of the 220 acres of land, and was buried in this cemetery, but before his death there had been a number of his descendants buried there. After his death the 220 acres was conveyed to W. E. Alexander, who married a daughter of James McCutcheon, by the other heirs of James McCutcheon,

among whom was Mrs. White, the appellant herein, whose father and brother and several aunts were buried there, and in the deed by the heirs to Alexander there was no mention of the graveyard whatever. W. E. Alexander's wife died after he purchased the property and was buried in about the center of the McCutcheon Graveyard. After his wife's death, Alexander conveyed the 220 acres of land to parties not related to the McCutcheon family, and inserted this clause in the deed: "Save and except about ½ acre known as the McCutcheon Graveyard." The evidence shows that at no time did the graveyard as fenced contain as much as a half acre. At the time Alexander sold the land he moved to North Carolina, where he still lives. On February 8, 1932, Alexander executed to John C. Robbins, Jr., an oil and gas lease upon this one-half acre of land known as the McCutcheon Graveyard. Robbins assigned this lease to Herbert E. Williams, one of the appellees herein. Williams went on the one-half acre, cleared it up; the graveyard being at the time in bad repair and very much neglected. He built an iron fence around the portion containing the graves, and put each of the graves in nice order and proceeded to erect a derrick on the portion of the graveyard not occupied by the graves, with a view of drilling for oil on this part of the cemetery. Then appellant applied to the court below for and received a temporary restraining order restraining appellee Williams and his associates from drilling on this plot of ground. The trial court upon a hearing dissolved the temporary restraining order, and the appellant has duly prosecuted this appeal.

■ We have concluded that the court erred in dissolving the temporary restraining order under the facts as disclosed by the record. That James McCutcheon set apart the one-half acre of land involved as a family graveyard during his lifetime is not denied in the evidence of any witness. When Alexander conveyed the 220 acres on which the McCutcheon Graveyard was located, he reserved nothing except the graveyard; therefore the only question to be determined on this appeal is whether under the facts in this case Mrs. White was entitled to apply to a court of equity for a restraining order to prevent the drilling of an oil well on this plot of ground. We think she had such right. This was the effect of the holding in the case of Barker et al. v. Hazel-Fain Oil Co. et al. (Tex. Civ. App.) 219 S. W. 874, 875, and that this right extends to the whole plot of ground and not just to that portion of the same where interments had already been made. Cochran et al. v. Hill et al. (Tex. Civ. App.) 255 S. W. 768.

■ Appellees insist that Mrs. White lost her right to seek the relief here sought because she joined in the conveyance of the 220 acres of land to Alexander without any reservation with reference to the graveyard. We do not concur in this contention. In the case of Hines v. State, 126 Tenn. 1, 149 S. W. 1058, 1059, 42 L. R. A. (N. S.) 1138, the Tennessee Supreme Court on facts very similar to this case held:

"When land has been definitely appropriated to burial purposes, it cannot be conveyed or devised as other property, so as to interfere with the use and purposes to which it has been devoted. When once dedicated to burial purposes, and interments have there been made, the then owner holds the title to some extent in trust for the benefit of those entitled to burial in it, and the heir at law, devisee, or vendee takes the property subject to this trust. The right of burial extends to all the descendants of the owner who devoted the property to burial purposes, and they may exercise it when the necessity arises. * * *

"Those who purchase the property after it has been appropriated to burial purposes take it subject to the rights we have stated, without any express reservation in the will or deed under which they take. Such reservation is implied. The graves are there to be seen, and the purchaser is charged with notice of the fact that the particular lot has been dedicated to burial purposes, and of the rights of descendants and relatives of those there buried. Burial lots, whether public or private, are not the subject of trade and commerce, and it is always presumed that they are not included in the sale of property which surrounds them."

The Hines Case has been cited with approval by the courts of several states, including Texas, and we know of no reason why the rule therein announced should not be applied here.

The judgment of the trial court dissolving the temporary injunction is reversed, and judgment here rendered for appellant, Mrs. White, restraining the appellees from drilling a well for oil in the McCutcheon Graveyard as prayed for.