**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff,**

v.

**Robert L. HARRINGTON, Jr., et al., Defendants.**

**Civ. A. No. 3:93–CV–0213–H.**

United States District Court, N.D. Texas, Dallas Division.

Jan. 18, 1994.

James P. Laurence, U.S. Atty., U.S. Attorney's Office, Dept. of Justice, Dallas, TX, Michael F. Hertz, U.S. Dept. of Justice, Civ. Div., Washington, DC, Kenneth Tucker, FDIC, Legal Div., Dallas, TX, Polly A. Dammann, Patricia L. Hanower, U.S. Dept. of Justice, Civ. Div., Washington, DC, for F.D.I.C.

Robert M. Cohan, Cohan Simpson Cowlishaw Aranza & Wulff, Dallas, TX, for Robert L. Harrington, Jr., Charles E. Howard, Norman McMurray, Fred R. Orr, Stephen L. Goodman, Ted Luce, David T. Roberts, Frederick Burr Cordray, Jerry R. Long, Frank L. Williams, Jr., Thomas B. Shultz, Harold E. Mahanay, Robert W. Pope, John (Bobby) Ray.

Eric Arthur Liepins, James P. Moon, Simpson Dowd & Moon, Dallas, TX, for Jimmy B. Eubank.

George Webb, pro se.

Scott Edward Kurth, Law Office of Scott E. Kurth, DeSoto, TX, for Al W. Strzinek.

Stephen J. Segal, Law Office of S.J. Segal, Dallas, TX, for Willis C. Dearing.

Edward P. Perrin, Jr., Crouch & Hallett, Dallas, TX, for Donald D. Dismore.

E.W. Switzer, pro se.

Ted Luce, pro se.

James W. Mullen, pro se.

Eugene F. Weimer, pro se.

Maureen Powers, Atty. Gen. of Texas, Finance Div., Austin, TX, for State of Tex. Atty. Gen.

Mark Xavier Mullin, Haynes & Boone, Dallas, TX, for Peggy Hunsucker.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court is Defendants Harrington, Howard, McMurry, Orr, Goodman, Roberts, Cordray, Long, Williams, Shultz, Mahanay, Pope, and Ray's ("Thirteen Defendants") Motion to Dismiss, filed July 12,

1993; Defendant Strzinek's Motion to Dismiss, filed July 12, 1993; Defendant Hunsucker's Motion to Dismiss, filed July 12, 1993; Defendant Dismore's Motion to Dismiss, filed July 12, 1993; Defendant Mullen's Motion to Dismiss, filed July 14, 1993; Plaintiff FDIC's Response, filed September 8, 1993; Thirteen Defendants' Reply, filed October 20, 1993; Defendant Dismore's Reply, filed October 20, 1993; Defendant Hunsucker's Reply, filed October 21, 1993; Defendant Switzer's Motion to Dismiss, filed October 8, 1993; Plaintiff's Response, filed November 1, 1993; and Dan Morales, Attorney General for the State of Texas' Motion to Intervene, filed January 3, 1994.

## I. BACKGROUND

Defendants are among the former officers and directors of United City Corporation ("UCC"), a bank holding company, and/or its five subsidiary banks: City National Bank of Plano; United National Bank of Plano; First National Bank of DeSoto; City National Bank of Irving; and First State Bank of McKinney. Defendants Cordray, Luce, Roberts, Muller, and Weimer were officers, as well as directors, of UCC and/or its subsidiary banks. The remaining Defendants were directors of UCC and/or its subsidiary banks. All of the five subsidiary banks, which were insured by the FDIC, had failed by September 1990. The FDIC was appointed as receiver for each of the failed banks. Plaintiff brings the present suit to recover for damages sustained by the subsidiary banks due to Defendants' alleged negligence, gross negligence, negligence per se, and breach of fiduciary duties.

## II. ANALYSIS

### A. Standard for Dismissal under Rule 12(b)(6)

■ When considering a motion to dismiss a complaint for failure to state a claim, the Court must accept all well-pleaded facts as true. *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). On the other hand, conclusory allegations and unwarranted deductions of fact are not admitted as true. *See id.* The Court may not look beyond the pleadings. *See Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 936 (5th Cir.1988). A Plaintiff's complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set·of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *See also Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.").

■ Dismissal for failure to state a claim is not favored by the law. *Mahone*, 836 F.2d at 926. However, "there are times when a court *should* exercise its power to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Id.* at 927 (emphasis in original). *See In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir.1981) ("Despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under *some* viable legal theory."), *cert. dism'd*, 462 U.S. 1125, 103 S.Ct. 3100, 77 L.Ed.2d 1358 (1983); *Orange Nat'l Bank v. Bank of La.*, 382 F.2d 945, 949 (5th Cir.1967) ("[S]terile allegations [do not] suffice to save [a complaint] from a motion to dismiss."); *Delgado v. Federal Bureau of Prisons*, 727 F.Supp. 24, 27 (D.D.C.1989) ("[E]ven a pro se complaint must outline all of the elements of the claim.").

With these general principles in mind, the Court turns to the motions to dismiss filed by Defendants in the present case. Because the separate motions filed by Defendants offer essentially the same arguments, the Court will consider them together.[1]

### B. Defendants' Motions to Dismiss

#### 1. Introduction

Defendants argue that Plaintiff's claims of negligence, negligence per se, and breach of fiduciary duty, as asserted in Counts I, III,

---

**1.** Defendants Eubank, Webb, Dearing, Luce, and Wiemer did not file Motions to Dismiss.

and IV of Plaintiff's Complaint, must be dismissed because no cause of action exists under Texas law against officers and directors of financial institutions for acts of simple negligence.[2] Some Defendants also contend that no cause of action exists for gross negligence under Texas law against officers and directors; they seek dismissal of Plaintiff's Count II as well. All Defendants agree that, if Texas law imposes any liability on officers and directors for breaching the duty of care, Texas law applies a gross negligence standard of liability. Defendants further argue that the Texas legislature recently codified the common law gross negligence standard in House Bill 1076. Tex.Rev.Civ.Stat.Ann. art. 342–410 (West Supp.1994) ("House Bill 1076"). Finally, Defendants argue that Plaintiff's Complaint should be dismissed because it is devoid of factual allegations that give rise to liability for gross negligence.

In response to Defendants' motions, Plaintiff first argues that federal common law, rather than state law, supplies the relevant standard of liability. Plaintiff's argument necessarily assumes that federal common law regarding the liability of officers and directors was not preempted by the Financial Institution Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). Alternatively, if Texas law applies, Plaintiff argues that Texas common law holds officers and directors liable for acts of simple negligence. Plaintiff further argues that House Bill 1076 is inapplicable to the present case, and that it is unenforceable because it violates the United States and Texas Constitutions. In reply, Defendants argue that FIRREA preempts federal common law, but not state law, claims against officers and directors. The Court will address each of these arguments in turn.

### 2. FIRREA Preemption of Federal Common Law

In 1989, Congress passed the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA").[3] Section 1821(k) of FIRREA creates a federal liability standard for officers and directors of federally insured depository institutions. 12 U.S.C. § 1821(k) (1989 & Supp.1993); *FDIC v. Barham*, 794 F.Supp. 187, 191 (W.D.La.1991), *aff'd on other grounds*, 995 F.2d 600 (5th Cir.1993). By its express terms, the statute requires a showing of gross negligence or greater violations of the duty of care. 12 U.S.C. § 1821(k). However, the final clause of the provision has caused confusion about whether officers and directors may be held liable under other state and federal laws for conduct less culpable than gross negligence. The clause reads, "Nothing in this paragraph shall impair or affect any right of the [FDIC] under other applicable law." *Id.* As Defendants note, "[C]ourts have engaged in a spirited three-way debate as to whether Section 1821(k) displaces both state and federal common law, displaces federal common law but not state law, or displaces neither state nor federal common law." Thirteen Defendants' Reply Brief, at 2. The Court first addresses Plaintiff's argument that Section 1821(k)'s

---

2. The Court will refer to negligence as "simple negligence" in order to distinguish it from gross negligence.

3. The Court notes as a preliminary matter that the parties have not raised the issue of retroactive application of Section 1821(k). FIRREA was enacted on August 9, 1989. Plaintiff's Complaint alleges conduct that occurred almost exclusively before that date. With no Fifth Circuit guidance on the issue, and no briefing from the parties, the Court declines to consider whether Section 1821(k) applies to a lawsuit filed after, but alleging conduct that occurred before the statute was enacted. *Compare RTC v. O'Bear, Overholser, Smith & Huffer*, 840 F.Supp. 1270 (N.D.Ind.1993) (applying Section 1821(k) retroactively and holding that it preempts state law claims), *FDIC v. Gonzalez–Gorrondona*, 833 F.Supp. 1545 (S.D.Fla.1993) (applying Section 1821(k) retroactively and holding that it preempts federal common law but not state law claims), and *FDIC v. Gaubert*, 1991 WL 318805 (N.D.Tex.1991) (applying FIRREA's statute of limitations provision retroactively) *with RTC v. Norris*, 830 F.Supp. 351 (S.D.Tex.1993) (declining to apply Section 1821(k) retroactively because it would be "manifestly unjust"); *RTC v. Bonner*, 1993 WL 414679 1993 U.S.Dist. LEXIS 11107 (S.D.Tex.1993) (same); *FDIC v. Brown*, 812 F.Supp. 722 (S.D.Tex.1992) (same); *RTC v. Holmes*, 1992 WL 533256 1992 U.S.Dist. LEXIS 18962 (S.D.Tex.1992) (same). Because the Court ultimately holds that Texas common law applies a gross negligence standard of liability to officers and directors, the same standard would apply to Plaintiff's case regardless of the retroactivity of Section 1821(k). Thus, a decision on the issue of retroactivity is not necessary to this opinion.

final clause was intended to preserve a federal common law cause of action for simple negligence against officers and directors of failed banks. FDIC's Response, at 5.

■ Although the Fifth Circuit has yet to rule on this issue, other district courts within the circuit have held that the federal common law regarding officer and director liability does not survive FIRREA. *See RTC v. Miramon*, 1993 WL 35131 1993 LEXIS 1624 (E.D.La.1993); *FDIC v. Brown*, 812 F.Supp. 722 (S.D.Tex.1992); *RTC v. Holmes*, 1992 U.S.Dist. LEXIS 18962 (S.D.Tex.1992); *Barham*, 794 F.Supp. 187; *FDIC v. Mijalis*, 1991 WL 501602 (W.D.La.1991). To date, the Seventh Circuit is the only circuit that has ruled on the issue. It held:

> Based on the plain language of 1821(k), its legislative history and the Supreme Court's decision in [*Milwaukee v. Illinois*, 451 U.S. 304, 101 S.Ct. 1784, 68 L.Ed.2d 114 (1981)] *Milwaukee II*, we find that Congress intended to pre-empt federal common law and establish a gross negligence standard of liability for officers and directors of failed federally chartered financial institutions.

*RTC v. Gallagher*, 10 F.3d 416, 424 (7th Cir.1993). For the reasons stated below, the Court is persuaded by the reasoning of the Seventh Circuit and district court cases cited above, and holds that no federal common law cause of action exists for the simple negligence of officers and directors.

The plain language of the statute guides the Court's interpretation. *Gallagher*, 10 F.3d at 420 ("The plain language of Section 1821(k) 'speaks directly' to the issue presented in this case and establishes a gross negligence standard of liability for officers and directors of failed financial institutions."). In Section 1821(k), Congress created a federal statutory standard of gross negligence, and this standard supersedes any previous federal common law standard. One court notes:

> Prior to the enactment of [Section 1821(k)], Congress had not legislated on the scope of claims brought by the FDIC against directors and officers of failed savings and loan associations. In doing so, Congress 'spoke directly to the question' of the level of negligence required to sustain such a cause of action.

*FDIC v. Gonzalez–Gorrondona*, 833 F.Supp. 1545, 1553 (S.D.Fla.1993). *See also Barham*, 794 F.Supp. at 191 (citing *Wayne v. Tennessee Valley Authority*, 730 F.2d 392 (5th Cir. 1984), *cert. denied*, 469 U.S. 1159, 105 S.Ct. 908, 83 L.Ed.2d 922 (1985)) ("When Congress has legislated on the subject, the legislation and not federal common law, will be deferred to."). In addition, the legislative history of the statute "does not demonstrate the kind of 'clearly expressed legislative intention' necessary to trump the plain meaning of the statute." *Gallagher*, 10 F.3d at 423. *See also Gonzalez–Gorrondona*, 833 F.Supp. at 1552 n. 3.

Plaintiff cites six post-FIRREA cases for the proposition that a federal common law cause of action for simple negligence survives FIRREA.[4] Upon close review, however, the Court finds that none of the cases specifically held that post-FIRREA federal common law authorizes a suit for simple negligence. *FDIC v. McSweeney*, 976 F.2d 532 (9th Cir. 1992) (holding that Section 1821(k) allows suits for simple negligence where authorized by state law), *cert. denied*, —— U.S. ——, 113 S.Ct. 2440, 124 L.Ed.2d 658 (1993); *FDIC v. Canfield*, 967 F.2d 443 (10th Cir.) (holding that Section 1821(k) did not preempt state law actions for simple negligence), *cert. dismissed*, —— U.S. ——, 113 S.Ct. 516, 121 L.Ed.2d 527 (1992); *Gaff v. FDIC*, 919 F.2d 384 (6th Cir.1990) (stating in dicta that Section 1821(k) expresses an intent to nationalize the law of directors' and officers' liability), *modified*, 933 F.2d 400 (6th Cir.1991); *RTC v. Hess*, 820 F.Supp. 1359 (D.Utah 1993) (holding that Section 1821(k) does not preempt state or federal common law actions, but reserving the issue of the relevant federal common law standard of care); *FDIC v. Nihiser*, 799 F.Supp. 904 (C.D.Ill.1992) (holding that Section 1821(k) does not preempt state or federal common law actions, but failing to decide the applicable standard of care); *FDIC v. Black*, 777 F.Supp. 919

---

4. The pre-FIRREA cases cited by Plaintiff are irrelevant to the discussion because they do not address the question of preemption. *See* FDIC's Response, at 8–10.

(W.D.Okla.1991) (holding that Section 1821(k) does not preempt state law claims based on simple negligence). On the other hand, numerous courts have held that Section 1821(k) precludes federal common law claims against officers and directors for conduct less culpable than gross negligence. *See, e.g., Miramon,* 1993 WL 35131, 1993 U.S. Dist. LEXIS 1624; *Brown,* 812 F.Supp. 722; *Holmes,* 1992 WL 533256, 1992 U.S.Dist. LEXIS 18962; *Mijalis,* 1991 WL 501602; *Barham,* 794 F.Supp. 187. *See also FDIC v. Bates,* 838 F.Supp. 1216 (N.D.Ohio 1993); *Gonzalez–Gorrondona,* 833 F.Supp. 1545; *RTC v. Farmer,* 823 F.Supp. 302 (E.D.Pa.1993); *FDIC v. Mintz,* 816 F.Supp. 1541 (S.D.Fla. 1993); *FDIC v. Miller,* 781 F.Supp. 1271 (N.D.Ill.1991).

Relying on the statute's plain meaning, and on well-reasoned opinions from other district courts and the Seventh Circuit, the Court holds that FIRREA does not preserve a federal common law cause of action against officers and directors for conduct less culpable than gross negligence.

### 3. FIRREA Preemption of State Law

■ Plaintiff argues that if no federal common law cause of action for simple negligence is available, Defendants may be held liable under Texas common law for acts of simple negligence.[5] FDIC's Response, at 11. Plaintiff relies principally on two Fifth Circuit cases for the proposition that Texas law imposes liability for simple negligence, *Meyers v. Moody,* 693 F.2d 1196 (5th Cir.1982),

cert. denied, 464 U.S. 920, 104 S.Ct. 287, 78 L.Ed.2d 264 (1983), and *FDIC v. Wheat,* 970 F.2d 124 (5th Cir.1992). Defendants rely on *Gearhart Industries, Inc. v. Smith Int'l, Inc.,* 741 F.2d 707 (5th Cir.1984), to argue that the Texas business judgment rule protects officers and directors from liability for negligent acts. Thirteen Defendants' Brief, at 5; Defendant Strzinek's Motion, at 2; and Defendant Switzer's Motion, at 2. Some Defendants read *Gearhart* as protecting grossly negligent acts as well. Defendant Hunsucker's Motion, at 4; and Defendant Dismore's Motion, at 4. All Defendants assert that, if officers and directors can be held liable for breaching the duty of care, Texas law applies a gross negligence standard of liability. Thirteen Defendants' Brief, at 4; Defendant Strzinek's Motion, at 2; Defendant Hunsucker's Motion, at 2; Defendant Dismore's Motion, at 2; and Defendant Switzer's Motion, at 2. They further argue that House Bill 1076 clarified that Texas applies a gross negligence standard to the conduct of officers and directors. Thirteen Defendants' Reply Brief, at 8. Plaintiff counters that House Bill 1076 is inapplicable to this case, and that it violates the U.S. and Texas Constitutions. FDIC's Response, at 17. After reviewing the relevant case law, the Court concludes that Texas law imposes liability only for grossly negligent acts.[6]

■ A review of the relationship between the fiduciary duties owed by officers

**5.** Some courts and commentators have suggested that Section 1821(k) preempts both federal and state common law causes of action for simple negligence. *See, e.g., Gaff v. FDIC,* 919 F.2d 384, 391 (6th Cir.1990) ("Congress has clearly indicated that the liability of officers and directors of a bank are determined under federal law."), *modified,* 933 F.2d 400 (6th Cir.1991); *FDIC v. Swager,* 773 F.Supp. 1244, 1248 (D.Minn.1991) ("[Section] 1821(k) establishes a federal standard of liability ... and precludes the FDIC from maintaining actions against bank directors and officers based upon state law for conduct not amounting to gross negligence or a greater disregard of a duty of care."). *See generally* David B. Fischer, Comment, *Bank Director Liability Under FIRREA: A New Defense for Directors and Officers of Insolvent Depository Institutions—Or a Tighter Noose?,* 39 U.S.L.A.L.Rev. 1703, 1764–76 (1992). Numerous other courts have held that Section 1821(k) does not preempt state common law causes of action. *See, e.g., FDIC v. McSweeney,* 976 F.2d 532 (9th Cir.1992); *FDIC v. Can-*

*field,* 967 F.2d 443 (10th Cir.1992); *RTC v. O'Bear, Overholser, Smith & Huffer,* 840 F.Supp. 1270 (N.D.Ind.1993); *RTC v. Hess,* 820 F.Supp. 1359 (D.Utah 1993); *Washington Bancorporation v. Said,* 812 F.Supp. 1256, 1265 (D.D.C.1993); *FDIC v. Nihiser,* 799 F.Supp. 904 (C.D.Ill.1992); *FDIC v. Barham,* 794 F.Supp. 187 (W.D.La. 1991); *FDIC v. Black,* 777 F.Supp. 919 (W.D.Okla.1991). Because the Court concludes that Texas common law holds officers and directors liable only for acts of gross negligence, which is the same standard authorized under Section 1821(k), the Court need not determine whether FIRREA preempts state common law actions.

**6.** Because the Court holds that Texas common law requires gross negligence for officer and director liability, the Court need not address the proper application or the constitutionality of House Bill 1076.

and directors and the business judgment rule is informative. Officers and directors have three fiduciary duties: the duty of obedience, the duty of loyalty, and the duty of care. *Gearhart*, 741 F.2d at 719. The duty of obedience forbids ultra vires acts, that is, acts outside the scope of corporate power. *Id.* The duty of loyalty requires that officers and directors act in good faith; this duty forbids them from engaging in "interested" transactions. *Id.* The duty of care requires officers and directors to manage the corporation's affairs with diligence and prudence. *Id.* at 720. The business judgment rule originated in *Cates v. Sparkman*, when the Texas Supreme Court held:

> [The] negligence of a director, no matter how unwise or imprudent, does not constitute a breach of duty if the acts of the director were "within the exercise of their discretion and judgment in the development or prosecution of the enterprise in which their interests are involved."

*Brown*, 812 F.Supp. at 724 (quoting *Cates v. Sparkman*, 73 Tex. 619, 11 S.W. 846, 849 (1889)). These definitions illustrate an inherent tension between the duty of care and the protection of the business judgment rule.

 In *Gearhart*, the Fifth Circuit clarified the relationship as follows: "Texas courts to this day will not impose liability upon a noninterested corporate director unless the challenged action is ultra vires or tainted by fraud." *Gearhart*, 741 F.2d at 721. Defendants Hunsucker and Dismore read this language as protecting directors from liability even for grossly negligent acts. Defendant Hunsucker's Motion, at 4; and Defendant Dismore's Motion, at 4. This interpretation essentially abolishes the duty of care, and imposes liability only for breach of the duty of loyalty or obedience. Most courts, however, have interpreted *Gearhart* as exempting from the protection of the business judgment rule any breach of the duty of care that amounts to gross negligence. *See RTC v. Norris*, 830 F.Supp. 351, 358–59

(S.D.Tex.1993); *Brown*, 812 F.Supp. at 725; *RTC v. Bonner*, 1993 WL 414679, \*1–\*2, 1993 U.S.Dist. LEXIS 11107, \*7–\*8 (S.D.Tex. 1993). These courts have contended that the business judgment rule also fails to protect officers and directors who abdicate their responsibilities and fail to exercise any judgment. *Norris*, 830 F.Supp. at 359; *Brown*, 812 F.Supp. at 726. As the Second Circuit explained of Connecticut's business judgment rule,

> [T]he business judgment rule extends only as far as the reasons which justify its existence. Thus, it does not apply in cases, e.g., in which the corporate decision lacks a business purpose, is tainted by a conflict of interest, is so egregious as to amount to a no-win decision, or results from an obvious and prolonged failure to exercise oversight or supervision.

*Joy v. North*, 692 F.2d 880, 886 (2d Cir.1982), *cert. denied*, 460 U.S. 1051, 103 S.Ct. 1498, 75 L.Ed.2d 930 (1983).[7]

Plaintiff cites *Meyers* and *Wheat* for the proposition that the Fifth Circuit has applied Texas law to hold officers and directors liable for simple negligence. *Meyers*, 693 F.2d 1196; *Wheat*, 970 F.2d 124. The Court agrees with the analysis of these cases by Judge Lake in the Southern District of Texas, *see Brown*, 812 F.Supp. at 724–25, and finds that they do not provide authority for imposing a simple negligence standard of liability. In *Meyers*, the Fifth Circuit upheld a judgment against an interested director under a number of alternative theories that included negligence, gross negligence, and breach of fiduciary duty. As Judge Lake notes, however, there is no indication that the defendant director ever raised the business judgment rule before the jury was charged. The Fifth Circuit had no occasion to ask whether the district court should have required the Plaintiff, upon a timely motion by the defendant director, to overcome the rule by amending its complaint. *Brown*, 812 F.Supp. at 724 (citing *Meyers*).

---

7. Texas law defines gross negligence as "that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it." *Burk Royalty Co. v. Walls*, 616 S.W.2d 911,

920 (Tex.1981) (citing *Missouri Pacific Ry. v. Shuford*, 72 Tex. 165, 10 S.W. 408, 411 (1888)). The Court believes that a director's total abdication of duties falls within this definition of gross negligence.

In *Wheat,* the Circuit upheld a jury verdict for breach of fiduciary duty and negligence against a bank's chairman of the board. 970 F.2d 124. The Circuit approved jury instructions that included a definition of fiduciary duties owed by directors, as well as a definition of the business judgment rule. Without elaborating on the specific duty of care owed by the director, the Circuit found no reversible error in the jury instructions. *Wheat,* 970 F.2d at 130–31. Although this Court recognizes that *Wheat* is open to divergent interpretations, the Court concludes that the Fifth Circuit did not intend *Wheat* to overrule *Gearhart.* A reading of *Wheat* that overrules *Gearhart* would violate the Fifth Circuit's long-standing rule that one panel cannot overrule the decision of a prior panel. *Brown,* 812 F.Supp. at 725 (citing *Ford v. United States,* 618 F.2d 357, 361 (5th Cir. 1980)). In addition, the Court believes *Gearhart* provides the more accurate statement of Texas law regarding officer and director liability.[8]

■ For the reasons stated above, Defendants' Motions to Dismiss are **GRANTED** with respect to Counts I, III, and IV. Plaintiff's claims of negligence, negligence per se, and breach of fiduciary duty are hereby **DISMISSED** with prejudice.

### 4. Gross Negligence Claims

Defendants also argue that Plaintiff has pled insufficient facts to establish a claim for gross negligence. Thirteen Defendants' Brief, at 12; Defendant Strzinek's Motion, at 2; Defendant Hunsucker's Motion, at 7; Defendant Dismore's Motion, at 6; Defendant Mullen's Motion; and Defendant Switzer's Motion, at 2. Plaintiff counters that the Complaint pleads facts that, if taken as true, establish liability for gross negligence. FDIC's Response, at 22–25. Defendants have failed to show beyond doubt that Plaintiff can prove no set of facts in support of its gross negligence claims. Therefore, Defendants' Motions to Dismiss with respect to Count II are **DENIED.**

8. The Texas legislature gave added weight to the *Gearhart* standard of liability when it enacted House Bill 1076. The statute explicitly provides that officers and directors may be held liable only for acts of gross negligence. The legislature

### III. MOTION TO INTERVENE

■ Because the Court resolved the present motions without addressing the constitutionality of House Bill 1076, the Motion to Intervene filed by Dan Morales, Attorney General for the State of Texas, is **MOOT** and is therefore **DENIED.** *See supra* note 6.

### IV. CONCLUSION

Defendants' Motions to Dismiss are **GRANTED** in part and **DENIED** in part. Plaintiff's claims of negligence, negligence per se, and breach of fiduciary duty, as asserted in Counts I, III, and IV of Plaintiff's Complaint, are hereby **DISMISSED** with prejudice. Defendants' Motions to Dismiss Plaintiff's gross negligence claims, as asserted in Count II of Plaintiff's Complaint, are **DENIED.** Dan Morales, Attorney General for the State of Texas' Motion to Intervene is **DENIED.**

**SO ORDERED.**

■

explained that the statute was not intended to change, but merely to clarify, existing law regarding the proper standard of care for officers and directors of insured depository institutions. *See* House Bill 1076, § 2.