IT IS FURTHER ORDERED that the Motion for Summary Judgment or in the Alternative to Dismiss of the Natchez–Adams Defendants is hereby granted.

IT IS FURTHER ORDERED that the Motion of Exxon for Partial Summary Judgment Against All Defendants is hereby denied.

SO ORDERED.

### FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,

v.

### John HENDERSON, Jr., Defendant.

#### No. 6:91cv481.

United States District Court,
E.D. Texas,
Tyler Division.

April 11, 1994.

Robert Scott Davis, Cowles & Thompson, Tyler, TX, Don W. Joe, Steven A. DeMonbreum, Dallas, TX, for F.D.I.C.

Robert Quentin Keith, Amy Keith, Keith & Keith, Johnson City, TX, for John Henderson, Jr.

Maureen Powers, Asst. Atty. Gen., Austin, TX, for Atty. Gen. of Texas.

### AMENDED MEMORANDUM OPINION AND ORDER

STEGER, District Judge.

On this day came on to be considered the defendant's Motion for Summary Judgment. After careful consideration, the Court is of the opinion that the following order should issue.

### I. BACKGROUND

This is a suit by the Federal Deposit Insurance Corporation ("FDIC") against the former owner of two failed savings and loan institutions. The Federal Savings and Loan Insurance Corporation ("FSLIC") was appointed receiver of Southland Savings Association of Longview, Texas ("Southland Savings") on August 18, 1988. The FSLIC was appointed receiver of Home Savings and Loan Association of Lufkin, Texas ("Home Savings") on December 22, 1988. At issue are eight loans made in 1984 and 1985.

The FDIC alleges: (1) ordinary negligence, (2) gross negligence, (3) breach of contract, and (4) breach of fiduciary duty. Although the FDIC alleges that Mr. Henderson falsified board of director minutes, it does not appear that the FDIC is stating a claim for fraud.

The Fifth Circuit and three district courts recently rendered six decisions in similar cases. *RTC v. Seale*, 13 F.3d 850 (5th Cir. 1994); *FDIC v. Dawson*, 4 F.3d 1303 (5th Cir.1993); *RTC v. Acton*, 844 F.Supp. 307 (N.D.Tex.1994) (Judge Barefoot Sanders); *FDIC v. Allison*, No. 6–93–CV–59–C, slip op. (N.D.Tex. Jan. 21, 1994) (Judge Lucius D. Bunton III); *FDIC v. Harrington*, 844 F.Supp. 300 (N.D.Tex.1994) (Judge Barefoot Sanders); *FDIC v. Fay*, No. H–91–1273, slip op. (S.D.Tex. Dec. 17, 1993) (Judge Lee H. Rosenthal). These cases will guide the Court's decision on the defendant's motion for summary judgment.

### II. CAUSES OF ACTION

The defendant challenges the viability of the FDIC's causes of action under Texas law.

1. *Ordinary Negligence.* The Court will grant the defendant's motion for summary judgment with respect to the FDIC's claims of ordinary negligence for the reasons stated in *FDIC v. Harrington* and *FDIC v. Acton.* The Court vacates its Memorandum Opinion and Order of July 6, 1992 as it pertains to ordinary negligence.

2. *Gross Negligence and Breach of Fiduciary Duty.* The Court will deny the defendant's motion for summary judgment with respect to the FDIC's claims of gross negligence and breach of fiduciary duty for the reasons stated in *FDIC v. Harrington* and *FDIC v. Acton.* These are viable causes of action under Texas law.

3. *Breach of Contract.* The Court will deny the defendant's motion for summary judgment with respect to the FDIC's claims for breach of contract. *See Dawson,* 4 F.3d at 1307; *Allison,* No. 6–93–CV–59–C at 14–15.

After a careful review of the evidence submitted, the Court is of the opinion that genuine issues of fact exist with respect to the claims of gross negligence, breach of fiduciary duty, and breach of contract.

### III. STATUTE OF LIMITATIONS

The FDIC's claims of gross negligence and breach of fiduciary duty are governed by Texas' two-year statute of limitations. *Seale,* 13 F.3d at 852; *Dawson,* 4 F.3d at 1307; *Allison,* No. 6–93–CV–59–C at 14–15. The breach of contract claim is also governed by the two-year statute. The Fifth Circuit considers claims based upon an oath of office to sound in tort, not contract. *Dawson,* 4 F.3d at 1307; *Allison,* No. 6–93–CV–59–C at 14–15.

The appropriate statute of limitations, 12 U.S.C. § 1821(d)(14), part of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), does not revive claims barred by state statutes of limitations. *Seale,* 13 F.3d at 852–54; *Dawson,* 4

F.3d at 1306–07; *FDIC v. Belli,* 981 F.2d 838, 842–43 (5th Cir.1993).

■ The statute of limitations begins to run when the improper loans are approved by the savings and loans' directors, not when the borrower defaults. *Seale,* 13 F.3d at 852; *Allison,* No. 6–93–CV–59–C at 17; *Fay,* No. H–91–1273 at 12–13.

The transactions in question were approved in 1984 and 1985. Affidavits supplied by Mr. Henderson indicate that state and federal regulators began monitoring the savings and loans in 1985 and began meeting regularly with the boards of directors. Thus, the statute of limitations on all eight loans began running in late–1985 at the latest.

Since the causes of action from the eight transactions accrued on or before August 17, 1986 with respect to Southland Savings or December 21, 1986 with respect to Home Savings, then the two-year statute of limitations, absent tolling, ran before the FSLIC assumed control.

## IV. ADVERSE DOMINATION

■ Until closed by the FSLIC, Mr. Henderson and his family owned the majority voting stock of both savings and loans. In order to prove that the statute of limitations was tolled by the doctrine of adverse domination, the FDIC must show that a majority of the savings and loans' boards of directors were more than negligent during the limitations period. *Seale,* 13 F.3d at 854; *Dawson,* 4 F.3d at 1309–13. The FDIC must prove that the majority of directors were "active participants in wrongdoing or fraud." *Dawson,* 4 F.3d at 1312.

■ *Dawson* declined to define what level of culpability rises to the level of active participation in wrongdoing or fraud. *Id.* at 1313 n. 4. *Seale,* however, seems to have clarified the matter somewhat. As the Court reads *Seale,* in order to prove that a director was an "active participant in wrongdoing or fraud" as called for by *Dawson,* the FDIC must be prepared to show that the director: (1) was guilty of gross negligence, (2) was guilty of a breach of fiduciary duty, or (3) intentionally engaged in wrongful conduct. *See Seale,* 13 F.3d at 854–55; *contra Acton,*

844 F.Supp. at 317 (holding that *Dawson* proscribes gross negligence).

■ Intentionally engaging in wrongful conduct encompasses: (1) intentionally committing a regulatory violation, (2) intentionally concealing vital information, (3) intentionally engaging in other illegal activity, (4) committing fraud.

■ Breach of fiduciary duty has three components: the duty of obedience, the duty of loyalty, and the duty of care. The duty of obedience precludes ultra vires acts, those outside the scope of corporate power. The duty of loyalty requires that officers and directors act in good faith and forbids them from transactions in which they have a financial interest that are unfair to the corporation (i.e. self-dealing). The duty of care requires officers and directors to manage the corporation's affairs with diligence and prudence. *Harrington,* 844 F.Supp. at 306 (citing *Gearhart Indus., Inc. v. Smith Int'l, Inc.,* 741 F.2d 707, 719–20 (5th Cir.1984)); *accord Acton,* 844 F.Supp. at 313. Gross negligence certainly violates the duty of care.

■ The district courts in *Fay* and *Allison* concluded that the facts alleged there could not support a finding of gross negligence. *See Fay,* No. H–91–1273 at 18; *Allison,* No. 6–93–CV–59–C at 20–21. In this case, the FDIC supplied sufficient evidence to create genuine issues on its causes of action, including gross negligence.

The Court is of the opinion that the Fifth Circuit in *Dawson* did not intend to foreclose gross negligence and breach of fiduciary duty as bases for establishing that a majority of directors were adversely dominated. In *Seale,* the RTC alleged similar causes of actions as here, breach of fiduciary duty and gross negligence. If the Fifth Circuit interpreted Texas law to hold that these causes of action are never sufficient to trigger the adverse domination doctrine, then there would have been no reason for the *Seale* court to evaluate the RTC's evidence. *See Seale,* 13 F.3d at 855.

Moreover, after concluding that the RTC failed to show any evidence of intentional wrongdoing, *Seale* went on to state, "The

RTC argued gross negligence, but provided no more than conclusory assertions in support." *Id.* This statement suggests that the Circuit accepts gross negligence as sufficient culpability to trigger adverse domination. Had the RTC supplied evidence of gross negligence, it would have been entitled to a determination by a finder of fact on the issue of adverse domination.

In addition, the Court notes the policy concerns cited by *Dawson.* If directors' gross negligence is insufficient to trigger adverse domination tolling, then grossly negligent directors could rest assured that they, although liable today, shortly escape liability, provided they can retain control of the board for two years.

Therefore, the FDIC will be entitled to the tolling protection of the adverse domination theory if it can prove (1) that a majority of the boards of directors of Home Savings or Southland Savings, (2) were guilty of at least gross negligence or breach of fiduciary duty, (3) through August 18, 1986 and December 22, 1986, two years before the FSLIC's appointment as receiver.

 After carefully reviewing the affidavits, deposition excerpts, and documents submitted by both parties, the Court is of the opinion that there is a genuine issue of fact whether Mr. Henderson adversely dominated the boards of directors of the two savings and loans. The Court will permit the parties to submit a question to the jury on the issue of adverse domination to find the answer. The Court will submit the following jury instruction:

> In order to prevail on any of its claims against Mr. Henderson, the FDIC must prove that a certain legal doctrine called "adverse domination" applies in this case. The term "adverse domination" refers to a situation where a majority of the board of directors that control a savings and loan work together to operate the institution in an improper manner. As long as the savings and loan is under the control of these wrongdoing directors, there is little possibility that anyone could bring suit against the directors in the name of the savings and loan. In such a situation, the savings

and loan is said to be adversely dominated by its board of directors.

> You will be asked to decide whether the board of directors of Southland Savings and Home Savings adversely dominated the financial institutions from 1984 to 1986.

> In order for you to find that the board of directors of Southland Savings and Home Savings adversely dominated the two financial institutions, you must find that, in conducting business for the savings and loans, a majority of the directors (1) were grossly negligent, (2) breached their fiduciary duties of due care, loyalty, or allegiance, or (3) intentionally or willfully engaged in wrongful conduct. It is not enough to conclude that the directors were merely negligent in approving the eight loans.

> A director intentionally engages in wrongful conduct if he: (1) intentionally commits a regulatory violation, (2) conceals vital information, (3) engages in other illegal activity, or (4) commits fraud.

In addition, the Court will submit the following interrogatories:

> Do you find, from a preponderance of the evidence, that a majority of the board of directors adversely dominated Home Savings from 1984 to December 22, 1986?

> Do you find, from a preponderance of the evidence, that a majority of the board of directors adversely dominated Southland Savings from 1984 to August 18, 1986?

## V. TEXAS HOUSE BILL 1076

 As in *FDIC v. Harrington,* the Court holds that Texas common law requires gross negligence for officer and director liability. Therefore, there is no need to address the constitutionality or application of Texas House Bill 1076. Consequently, the Court will dismiss the Texas Attorney General from this case.

Accordingly, it is

ORDERED that the defendant's Motion for Summary Judgment is GRANTED with respect to the FDIC's claim for ordinary negligence and that the ordinary negligence claim is DISMISSED WITH PREJUDICE. It is further

ORDERED that the defendant's Motion for Summary Judgment is DENIED with respect to all other claims. It is further

ORDERED that the claims by the Texas Attorney General as intervenor are DISMISSED from this suit.